UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AFSHIN SALEHIAN, | : |
| NILOUFAR FEKRAZAD, | : |
|     Plaintiffs, | : |
| | : |
| v. | :    Case No: 3:06cv459 (PCD) |
| | : |
| PAUL NOVAK, DIRECTOR OF THE | : |
| UNITED STATES CITIZENSHIP AND | : |
| IMMIGRATION SERVICES, VERMONT | : |
| SERVICE CENTER; UNITED STATES | : |
| CITIZEN AND IMMIGRATION | : |
| SERVICES, VERMONT SERVICE | : |
| CENTER; ALBERTO GONZALES, | : |
| ATTORNEY GENERAL OF THE | : |
| UNITED STATES; MICHAEL | : |
| CHERTOFF, SECRETARY, | : |
| DEPARTMENT OF HOMELAND | : |
| SECURITY; EMILIO T. GONZALEZ, | : |
| DIRECTOR, UNITED STATES | : |
| CITIZENSHIP AND IMMIGRATION | : |
| SERVICES, | : |
|     Defendants. | : |

**<u>RULING ON MOTION TO DISMISS</u>**

    Plaintiffs, Afshin Salehian and Niloufar Fekrazad, bring this action seeking mandamus, declaratory, and injunctive relief, for the alleged failure of the Department of Homeland Security ("DHS") and the United States Citizenship and Immigration Services ("CIS") to adjudicate Plaintiffs' applications for adjustment of status allegedly filed on or around February 18, 2004. Defendants move, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' Complaint on the grounds that (1) this Court does not have subject matter jurisdiction under 28 U.S.C. §§ 2201, 1331, 1361, and 5 U.S.C. §§ 555(b) and 701 <u>et seq.</u>, and (2) Plaintiffs fail to state a claim upon which relief can be granted. For the reasons

that follow, Defendants' Motion to Dismiss [Doc. No. 20] is **denied**.

I.      **BACKGROUND**[1]

Mr. Afshin Salehian and Ms. Niloufar Fekrazad are citizens of Iran. (Compl. ¶ 6.) They were married on July 25, 1997. (Id.) That year, Mr. Salehian came to the United States as a nonimmigrant student to attend Queens College English Language Institute. (Id. ¶ 7.) He then attended Rensselaer Polytechnic Institute to pursue a Master's Degree in electrical power engineering. (Id.) Ms. Fekrazad came to the United States in October 1997 as an F-2 nonimmigrant. (Id. ¶ 9.) She changed her status to an F-1 student to pursue a Master's Degree at Rensselaer Polytechnic Institute. (Id.)

On July 5, 2001, The Valley Group, Inc., ("Valley Group") filed an H-1B nonimmigrant worker petition on behalf of Mr. Salehian. (Id. ¶ 8.) The petition was approved and valid from October 15, 2001 through July 1, 2004, and then extended from July 1, 2004 until July 1, 2007. (Id.). Valley Group filed a labor certification on behalf of Mr. Salehian offering to employ him as an Application Engineer. (Id. ¶ 10.) The certification was approved, and Valley Group then filed an I-140 visa petition on behalf of Mr. Salehian. (Id. ¶ 11.) The I-140 petition was approved on December 9, 2004. (Id. ¶ 11.)

While the I-140 petition was pending, Plaintiffs filed adjustment of status applications with the Vermont Service Center of CIS on February 18, 2004. (Id. ¶ 12.) Plaintiffs' fingerprints were taken in conjunction with the adjustment of status applications on November 4, 2004. (Id. ¶ 14.)

---

[1] A court considering a motion to dismiss under Rules 12(b)(1) or 12(b)(6) must accept the facts alleged in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Accordingly, the statement of facts that follows is derived solely from Plaintiffs' Complaint.

On March 24, 2005, Plaintiffs' counsel contacted the Vermont Service Center of CIS to check the progress of the adjustment of status applications.[2] (Id. ¶ 16.) On June 24, 2005, Plaintiffs' counsel requested an update on Plaintiffs' applications through the American Association of Immigration Lawyers Liaison. (Id. ¶ 17.) On July 7, 2005, Plaintiffs' counsel received a response stating that the delay was due to security checks. (Id.) On February 13, 2006, Plaintiffs' counsel filed a written request to schedule another round of fingerprinting, since the fingerprints taken on November 4, 2004 were no longer valid for their applications. (Id. ¶ 18.) Currently, Plaintiffs' adjustment of status applications have been pending for over two years. (Id. ¶ 19.)

## II.   STANDARD OF REVIEW

When deciding a motion to dismiss under Rules 12(b)(1) and 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). A complaint should not be dismissed under Rule 12(b) "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); see also Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984).

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Stores Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984)).

---

[2]   Plaintiffs' Complaint does not state whether any response was received.

"The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence in support of his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). "[T]he standards for reviewing dismissals granted under 12(b)(1) and 12(b)(6) are identical." Moore v. PaineWebber, Inc., 189 F.3d 165, 169 n.3 (2d Cir. 1999).

### III.   DISCUSSION

#### A.   Rule 12(b)(1)

Plaintiffs contend that this Court has subject matter jurisdiction over their claim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201; the mandamus statute, 28 U.S.C. § 1361; the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 701 et seq.; and 28 U.S.C. § 1331. (Compl. ¶ 5.) This Court concludes that subject matter jurisdiction exists under 28 U.S.C. § 1331 in conjunction with 5 U.S.C. § 555(b), and under 28 U.S.C. § 1361.[3]

Federal question jurisdiction arises under 28 U.S.C. § 1331 only if (1) the claim turns on the interpretation of the laws or Constitution of the United States and (2) the claim is not patently without merit. Bartolini v. Ashcroft, 226 F. Supp. 2d 350, 354 (D. Conn. 2002) (citing Bell v. Hood, 327 U.S. 678, 684, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946)). First, it is clear that Plaintiffs' claim turns on the interpretation of federal law, specifically section 6 of the APA, which provides: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Second, Plaintiffs' claim is "not patently without merit." To

---

[3] "[T]he Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts. . . . Rather, there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." Correspondent Servs. Corp. v. First Equities Corp. of Florida, 442 F.3d 767, 769 (2d Cir. 2006). Furthermore, 5 U.S.C. §§ 701-706 "is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions." Califano v. Sanders, 430 U.S. 99, 105, 97 S. Ct. 980, 983, 51 L. Ed. 2d 192 (1977).

arrive at this conclusion, the court determines "whether the right claimed is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." <u>New York Dist. Attorney Investigators Police Benevolent Ass'n, Inc. v. Richards</u>, 711 F.2d 8, 10 (2d Cir. 1983). This Court has previously held that the right to have an application for adjustment of status adjudicated within a reasonable time "cannot be said to be patently without merit," <u>Bartolini</u>, 226 F. Supp. at 354, and Defendants do not contest this point in the instant case. (Defs.' Mot. Dismiss 8 ("Defendants do not contest that Plaintiffs' claims have merit, if only *de minimis*.").) Accordingly, this Court has subject matter jurisdiction over Plaintiffs' claim pursuant to 28 U.S.C. § 1331 in conjunction with 5 U.S.C. § 555(b).

With regard to the mandamus statute, 28 U.S.C. § 1361, this Court has previously held, in the case of delayed adjudication of applications for adjustment of status, that jurisdiction with respect to the mandamus statute is "unclear."  <u>Bartolini</u>, 226 F. Supp. at 353. In <u>Duamutef v. INS</u>, 386 F.3d 172, 180 (2d Cir. 2000), the Second Circuit provided that "jurisdiction under the mandamus statute is limited to actions seeking to compel the performance of a *nondiscretionary duty*." <u>Id</u>. (emphasis added). An adjustment of status decision is a discretionary action under section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(a). <u>Drax v. Reno</u>, 338 F. 3d 98, 113 (2d Cir. 2003) ("[A]n adjustment of status under § 245(a) is entirely discretionary. . . . [E]ven where an alien satisfies the statutory requirements of eligibility for an adjustment of status, the [INS] has discretion under section 245 to deny the application.") (citation and internal quotations omitted). While it is true that the ultimate adjustment of status *decision* is "entirely discretionary," this Court has noted that "the INS does not have discretion as to *whether to adjudicate* an adjustment of status application." <u>Bartolini</u>, 226 F. Supp. at 353 n.3

(emphasis added). As other courts in this circuit have observed, "the [Government] simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA." Am. Acad. of Religion v. Chertoff, No. 06 Civ. 588 (PAC), 2006 WL 1751254, at *15 (S.D.N.Y. June 23, 2006) (quoting Kim v. Ashcroft, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004)) (alterations in original). Given this premise, it becomes clear that when an action "challenges the authority of the consul [or other Government agent] to take or fail to take an action as opposed to a decision taken within the [agent's] discretion, jurisdiction exists." Chertoff, 2006 WL 1751254, at *16 (quoting Patel v. Reno, 134 F. 3d 929, 932 (9th Cir. 2006)) (alterations in original). Therefore, this Court also finds subject matter jurisdiction over Plaintiffs' claim under the mandamus statute.

### B. Rule 12(b)(6)

Having found subject matter jurisdiction over Plaintiffs' claim, this Court must determine whether "it appears beyond a doubt" that Plaintiffs cannot support the claim that Defendants have failed to conclude matters before them "within a reasonable time." 5 U.S.C. § 555(b). "In determining reasonableness, [courts] look to the source of the delay—e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." Zheng v. Reno, 166 F. Supp. 2d 875, 880 (S.D.N.Y. 2001) (citing Reddy v. Commodity Futures Trading Comm'n, 191 F. 3d 109, 120 (2d Cir. 1999)).

In Bertolini, this Court encountered an identical claim and found that the delay in adjudication was reasonable given the complexity of the investigation and the extent to which the applicant, rather than the defendant, contributed to the delay. In that case, the complaint provided that the applicant had applied for an adjustment of status pursuant to a marriage with an United States citizen. Bertolini, 226 F. Supp. at 352. The marriage occurred a month and a half before

the expiration of the applicant's authorized stay. Id. The applicant proceeded to miss three opportunities to interview with the INS, and his application was abandoned. Id. His marriage was dissolved shortly thereafter, but within two weeks, the applicant entered into a second marriage and again applied for adjustment of status. Id. The INS scheduled an appointment to take the applicant's fingerprints, but he rescheduled the appointment for unknown reasons. Id. The applicant also neglected to provide his birth certificate in his application. Id. The defendant represented that while processing the application, the INS found credible information indicating that the applicant had been previously married in Lebanon, which was not disclosed in his application. Id. at 353. The applicant instituted an action in this Court less than one year after his second application for adjustment of status. Id. Under these facts, this Court concluded that "the delays . . . [were] clearly reasonable, and [that] the complications [arose] to such a significant degree from the suspicious circumstances created by [the applicant's] own actions." Id. at 355.

Unlike the situation presented in Bertolini, The circumstances in the instant case do not lead this Court to conclude beyond a doubt that Defendants' delay is reasonable. Plaintiffs' applications have been pending for over two years and there is no reason to believe that their applications are complicated or that Plaintiffs have contributed to the delay. In fact, by drawing inferences in the light most favorable to Plaintiffs, Defendants' failure to schedule additional fingerprinting may have further delayed the adjudication. Although Defendants' proffered explanation of "security checks" is given significant weight, this explanation, standing alone, does not support the outright dismissal of this action. Plaintiffs have demonstrated their full cooperation over what appears to be an extremely lengthy waiting period. They cannot be expected to provide more "factual allegations that demonstrate unreasonable delay." (Defs.' Mot. Dismiss 8.) Instead, the Defendants must either adjudicate Plaintiffs' applications or provide a

satisfactory explanation for the delay. See Chertoff, 2006 WL 1751254, at *17 ("The Government makes no effort to explain the delay in adjudicating Ramadan's case, other than to suggest that 'complicated cases that may raise issues under certain provisions of § 1182(a)(3)(B), such as the present case, take significantly longer' than simple applications, because 'interested U.S. Government agencies pursue and assess available information, as appropriate.' . . . [T]he Government's bare assurances that review . . . is 'actively underway' and will be resolved 'at some point in the future' are totally inadequate.").

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. No. 20] is hereby **denied**. Plaintiffs shall file a Motion for Summary Judgment on or before November 20, 2006. Defendants shall file their Opposition and Cross-Motion for Summary Judgment on or before December 20, 2006.

SO ORDERED.

Dated at New Haven, Connecticut, October  23 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court